IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TYRONE MCINTOSH                                                                          PETITIONER

v.                                                                                        No. 2:06CV208-B-A

WARDEN CROCKETT, ET AL.                                                                  RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Tyrone McIntosh for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and McIntosh has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

### Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and is currently housed at Mississippi State Penitentiary in Parchman. He was convicted of capital murder (Count I) and aggravated assault (Count II) in the Second Judicial District of the Circuit Court of Tallahatchie County, Mississippi. State Court Record (S.C.R.), Vol. 1, pp. 48-49. He was sentenced in Count I to life imprisonment without the possibility of parole and, in Count II, to a term of twenty years. *Id*. The sentencing order directed that both sentences be served in the custody of the Mississippi Department of Corrections, and the sentence in Count II was to be served consecutively to the sentence in Count I. *Id*. The sentencing order also provided that both sentences were to be served consecutively "any and all previously imposed sentences against said defendant, particularly, the sentence defendant is presently serving in Cause No. CR-98-10-B-T2 for First Degree Arson, Tallahatchie County Second Judicial District." *Id*.

The petitioner appealed his judgments of conviction and sentences to the Mississippi Supreme Court, assigning as error the following (as stated by petitioner):

>   A. Whether the trial court erred in permitting Appellee witness Annie McIntosh to testify to hearsay.
>
>   B. Whether the trial court erred in admitting Appellee Photograph Exhibits 3, 4, 16, and 27 at trial over Appellant's pretrial and renewed objections at trial.
>
>   C. Whether the trial court erred in denying Appellant's motion for judgment notwithstanding the verdict or in the alternative for a new trial.

On November 10, 2005, the Mississippi Supreme Court affirmed the petitioner's conviction and sentence. *McIntosh v. State*, 917 So.2d 78 (Miss. 2005)(Cause No. 2004-KA-02204-SCT).

On October 27, 2006, the petitioner filed an "Application For Leave To Proceed In The Trial Court" in the Mississippi Supreme Court, in which he alleged various instances of ineffective assistance of counsel. On November 21, 2006, the Mississippi Supreme Court denied the petitioner's application holding that "[a]fter due consideration of the allegations and the record, the panel finds that the standard of *Strickland v. Washington*, 206 U.S. 668 (1984), has not been met, and the Application for Leave to Proceed in the Trial Court should be denied."

In the instant Petition for Writ of Habeas Corpus, McIntosh raises the following grounds (as stated by the petitioner):

>   **Ground One**: The trial court erred in permitting appellee witness Annie McIntosh to testify to [hear]say.
>
>   **Ground Two:** The trial court erred in admitting photograph exhibits 3, 4, 16, and 27 at trial.

| | |
|---|---|
| **Ground Three:** | The trial court erred in denying petitioner's motion for judgment notwithstanding the verdict or, in the alternative for a new trial. |
| **Ground Four**: | Trial attorney failed to subpoena fire marshal[] who examined home under investigation. [D]enied crucial evidence from being entered. |
| **Ground Five**: | Trial attorney['s] fail[ure] to request [] a change of venue denied petitioner['s] 6th, 14th and 5th Amendment rights. |
| **Ground Six**: | Trial attorney failed to present evidence that contradicted expert [fire]fighter on evidence found at scene. |
| **Ground Seven**: | Convictions were obtained by the use of perjured testimony. |
| **Ground Eight**: | The trial court erred in denying the defendant['s] jury instruction D-7. |
| **Ground Nine**: | The trial court erred in denying the defendant['s] proposed peremptory jury instruction D-1. |
| **Ground Ten**: | The life sentence for capit[al] murder is illegal. |
| **Ground Eleven**: | Defendant['s] convictions were obtained by the use of perjured testimony. |

**Grounds Five, Seven, Eight, Ten, and Eleven: Procedurally Barred**

Grounds Five, Seven, Eight, Ten, and Eleven of the instant federal petition for a writ of *habeas corpus* have not been presented to the state's highest court in a procedurally proper manner and are thus procedurally barred. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995)(when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims.); *see also Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and

adequate state procedural rule).

The petitioner did not raise the claims asserted in Grounds Five, Seven, Eight, Ten, and Eleven in his direct appeal or during state post-conviction review. As such, he has not exhausted these claims in state court, and the deadline to do so has long ago expired. "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal *habeas corpus* relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). The petitioner has thus defaulted his claims in Grounds Five, Seven, Eight, Ten, and Eleven, and this court may not review them now.

As no external impediment prevented the petitioner from raising these grounds for relief in state court, the petitioner cannot show "cause" to permit this court to reach the merits of his claims despite the procedural bar. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). The petitioner has not shown "cause" for his default; therefore the court need not consider whether he suffered prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

Neither will the petitioner suffer a fundamental miscarriage of justice if the court declines to address these claims on the merits because the petitioner has not shown "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). The petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). The petitioner has not met this standard. As such, the petitioner cannot overcome the procedural bar, and Grounds Five, Seven,

Eight, Ten, and Eleven shall be dismissed with prejudice.

## Grounds One and Two: Issues of State Law

Grounds One and Two are issues of state law regarding the admissibility of evidence and were resolved by the Mississippi Supreme Court on direct appeal. A state's interpretation of its own laws or rules is no basis for federal *habeas corpus* relief because no constitutional question is involved. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981). The role of a federal court is more limited than that of the state appellate court. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983). A federal court does "not sit as a super state supreme court on a habeas corpus proceeding to review error under state law." *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981). Federal *habeas corpus* relief is available only when a conviction has been obtained in violation of a constitutionally protected right. *Smith v. Phillips,* 455 U.S. 209, 221 (1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982).

"A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999) (*Cupit v. Whitley,* 28 F.3d 532, 536 (5th Cir.1994). "[I]n reviewing state court evidentiary rulings, the federal habeas court's role 'is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness' under the Due Process Clause." *Castillo v. Johnson,* 141 F.3d 218, 222 (5th Cir. 1998) (citations omitted). The "erroneous admission of prejudicial testimony does not justify relief unless the evidence played a 'crucial, critical, and highly significant' role in the jury's determination." *Jackson*, 194 F. 3d at 656. The findings by the state court are entitled to

deference under 28 U.S.C. § 2254.

In Ground One, the petitioner argues that his rights under the confrontation clause were violated when the trial court admitted hearsay testimony from Annie McIntosh (the petitioner's sister) regarding a previous statement by Creola McIntosh that she (Creola) intended to evict petitioner. On direct appeal, the Mississippi Supreme Court found the admission of the testimony to be harmless error:

> Like *Edwards*, we find the trial court's admission of the testimony pursuant to M.R.E. 803(3) was error. However, the admission of the hearsay statement was harmless error because the properly admitted evidence was sufficient to support a jury verdict. In short, Featherston was an eyewitness to the fire and the victim of aggravated assault. He and McIntosh were in the burning house together. Featherston confronted McIntosh and asked why he was burning the house. There is also further evidence which will be discussed in more detail in Issue III that was sufficient to support the verdict. Accordingly, the admission of the statement was harmless, and McIntosh's fundamental rights were not violated.

*McIntosh*, 917 So. 2d at 83.

Arthur Featherston, the petitioner's stepfather who suffered severe burns when the petitioner sprayed him with an accelerant in a burning house, introduced the same evidence through his direct testimony. As such, the court finds that the introduction of the hearsay testimony of Creola McIntosh through her daughter Annie McIntosh was harmless error. Thus, the holding of the Mississippi Supreme Court in this matter was reasonable in fact and in law. As such, this ground for relief is without merit and shall be denied.

In Ground Two, the petitioner argues that the trial court erred in admitting photograph exhibits 3, 4, 16, and 27. The petitioner argues that the photographs were "inflammatory, gruesome, and prejudicial" thereby resulting in an unfair trial. On direct appeal, the Mississippi Supreme Court addressed the issue of the photographs:

> ¶ 14. Here, exhibits 3 and 4 depicted the location of Creola's body at the time of her death and the circumstances of her death. Exhibit 16 depicted Creola's face prior to her autopsy. The photograph also showed an injury near her right eye. Dr. Hayne testified that Creola sustained the injury at or about the time of her death. Featherston testified that a group of exhibits, including exhibit 27, were photographs of him taken at the Greenville Burn Center. Exhibit 27 depicted the facial injuries that Featherston sustained in the fire. The photograph shows the extent of his injuries, a necessary element to aggravated assault. We find that the trial court did not err in admitting exhibits 3, 4, 16 and 27 as the probative value outweighed the prejudicial effect. Likewise, none of McIntosh's substantial rights were violated by the admission of these photographs. We find that this issue is without merit.

*McIntosh*, 917 So. 2d at 84. Federal *habeas corpus* relief is not appropriate unless the admission of evidence is both erroneous *and* "crucial, critical, and highly significant to the jury's determination." *Jackson,* 194 F.3d at 656. In this case, admission of the photographs was neither. The evidence that devastated the petitioner's defense was not the photographs, but the testimony of Arthur McIntosh, who recovered from a coma to tell investigators that he saw the petitioner douse the already flaming house with a liquid accelerant, then set Arthur McIntosh afire by spraying him with the accelerant. The photographs were not the crux of the prosecution's case; therefore, their introduction does not rise to the level of a constitutional error. It was, instead, merely an error of state law. Hence, the petitioner's claims regarding the introduction of the photographs of his victims must be dismissed. *Wainwright v. Goode,* 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1993).

### Grounds Three, Four, Six, and Nine:
### Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds Three, Four, Six, and Nine on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. §

2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As

discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds Three, Four, Six, and Nine of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Grounds Three and Nine: Weight and Sufficiency of the Evidence

In Ground Three, the petitioner challenges both the weight and the sufficiency of the evidence. In Ground Nine, he challenges the denial of a peremptory instruction, which is also a challenge to the sufficiency of the evidence. The claims for relief in Grounds Three and Nine of the instant petition are without substantive merit and shall be dismissed.

On direct appeal, the Mississippi Supreme Court found the evidence sufficient to warrant the convictions for both capital murder and aggravated assault. As to the capital murder conviction, the Mississippi Supreme Court made the following factual findings:

> ¶ 19. Here, Nolan, a volunteer fire fighter who responded to the house fire, saw a blue base to the flames. This base indicated that the fire was started with a fluid such as diesel, kerosene, butane, folic acid or something similar. After fighting

the fire, Nolan found Creola dead in a back bedroom of the house. Dr. Hayne testified that Creola died as a result of smoke inhalation in a house fire.

¶ 20. Featherston testified that when he regained consciousness, he smelled smoke and saw McIntosh setting the house on fire. Featherston asked McIntosh why he was setting the house on fire. McIntosh told Featherston that he was going to burn down the house and burn Featherston.

¶ 21. Bobby Marion, a prison inmate serving a life sentence, testified that McIntosh told him that he started the fire in the living room of the house. McIntosh also threw fluid on Featherston which caught Featherston on fire. As for his mother, McIntosh stated that she died from smoke inhalation.

¶ 22. We find that the testimony clearly supports the elements of capital murder during the commission of the crime of arson. Accordingly, we find that this issue is without merit.

*McIntosh*, 917 So. 2d at 85. In regards to the guilty verdict for aggravated assault, the supreme court found as followed:

¶ 24. Upon arriving at the scene of the crime, Nolan found Featherston with what appeared to be second degree burns. Dr. Love stated that Featherston arrived at the Burn Center with extensive burns on his back, arms, face and hands. Featherston's total burn surface area was determined to be 51 to 61 percent of his body. Based on a survivability calculation, Dr. Love stated that Featherston's chances of surviving from these injuries were "very slim."

¶ 25. Featherston testified that he asked McIntosh why he was setting the house on fire. McIntosh told Featherston that he was going to burn down the house and burn Featherston. McIntosh then sprayed Featherston with fluid on his face, head, arms and back, Featherston caught on fire, ran out of the house and jumped into a pile of leaves.

¶ 26. We find that the evidence clearly met the elements of aggravated assault. Accordingly, we find that this issue is without merit.

*Id*.

Insufficiency of the evidence can support a claim for federal *habeas corpus* relief only if the evidence, when viewed in the light most favorable to the state is such that no reasonable fact

-10-

finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001); *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000). This standard of review "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). The *Jackson* standard allows the trier of fact to find the evidence sufficient to support a conviction, even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

In this case, "a state appellate court has conducted a thoughtful review of the evidence;" therefore, its determination of the sufficiency of the evidence "is entitled to great deference." *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993); *see also Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied* 474 U.S. 855 (1985); *Gibson v. Collins*, 947 F.2d 780 (5th Cir. 1991). McIntosh has presented nothing in his petition to overcome the deference afforded to the Mississippi Supreme Court's decision. In addition, he has not proven that the state court decision was an unreasonable application of law to the facts. *Williams v. Taylor, supra*. The evidence in this case was not merely sufficient to sustain the guilty verdict; it was overwhelming. As such, the petitioner is not entitled to relief on his claims of insufficiency of the evidence in Grounds Three and Nine of the instant petition.

The petitioner also challenges the weight of the evidence; however, this is not an issue a federal court may examine on *habeas corpus* review. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)("A federal habeas court has no power to grant *habeas corpus* relief because it finds that the state conviction is against the 'weight' of the evidence . . . ."). Nothing in the instant

-11-

petition for a writ of *habeas corpus* has overcome the deference afforded to the findings of fact made by the state appellate court, 28 U.S.C. § 2254(e)(1)). In addition, the petitioner has not proven that the state court decision was an unreasonable application of law to the facts. *Williams v. Taylor, supra*. Therefore, the petitioner's claims for relief in Ground Three of the instant petition shall be dismissed with prejudice.

The Mississippi Supreme Court's resolution of the claims in Grounds Three and Nine of the instant petition was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. As such, the petitioner's claims in Ground Three and Nine shall be dismissed with prejudice.

**Grounds Four and Six: Ineffective Assistance of Counsel**

In Grounds Four and Six, McIntosh alleges that defense counsel was ineffective. To prove a claim of ineffective assistance of counsel, one petitioning the court for a writ of *habeas corpus* must demonstrate both constitutionally deficient performance by counsel – and actual prejudice as a result of such ineffective assistance. *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner's failure to establish either prong of the *Strickland* test warrants denial of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998). Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged

action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995 ), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

In Ground Four, the petitioner argues that defense counsel erred in failing to subpoena the Fire Marshall who would have testified that there was no evidence of "accelerants" at the scene of the fire. "'Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. Where the only evidence of a missing witness's testimony is from the defendant, this Court views claims of ineffective assistance with great caution.'" *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001)(quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)(citations omitted).

Further, the petitioner must show that but for his attorney's failure to call the Fire Marshall, the jury would have had a reasonable doubt about his guilt. *Earhart v. Johnson*, 132 F.3d 1062, 1068 (5th Cir. 1998). Given Arthur Featherston's powerful eyewitness testimony that the petitioner was the person who set both the house *and Featherston himself* on fire – and the testimony of the Busbys regarding the pants petitioner conveniently retrieved from under a tree in the yard after he had escaped the burning house – and the testimony of Bobby Marion regarding the petitioner's statements admitting guilt – the court finds that such testimony would have had little chance of changing the verdict. S.C.R., Vol. 2, pp. 83, 92, 145 and Vol. 3, pp.157-167.

The prosecution did not offer any physical evidence regarding the use of a chemical to fuel the fire, and, given the testimony, the court finds that there was no need to do so. The testimony from various witnesses established that an accelerant was used to start the fire. One expert witness testified that the color of the blaze was consistent with its fueling by an accelerant. Another expert testified that Arthur Featherston's injuries were consistent with his having been sprayed with a flammable substance. Most damaging of all to the petitioner, Arthur Featherston testified that Tyrone McIntosh had indeed sprayed him with some type of liquid that ignited and engulfed him in flame. *Id*. at Vol. 2, pp. 43, 47, 103, 164.

Defense counsel brought out on cross-examination of Dr. Love, Arthur Featherston's treating physician, that while Featherston's injuries were consistent with having been sprayed with a combustible liquid, he did not smell any such substance when Featherston was brought into the burn center. S.C.R., Vol. 2, pp. 43, 47. Defense counsel also elicited testimony from fireman Vincent Nolan that he found nothing at the scene of the fire that contained fluid or other ingredients that he felt could have started the fire. *Id*. at p. 115. No physical evidence was introduced to prove the petitioner's guilt beyond a reasonable doubt. The jury found the testimonial proof sufficient to sustain the petitioner's conviction. The best the petitioner could hope for from the Fire Marshal's testimony would be that no physical evidence of an accelerant could be found at the scene. Such testimony would neither help nor hinder the petitioner's defense. Calling the Fire Marshal thus could not have helped the petitioner's defense, but could have damaged it severely had the Fire Marshal found evidence of an accelerant. As such, counsel's decision not to call the Fire Marshal as a witness was reasonable. As there was no deficiency, the court need not discuss whether the petitioner suffered prejudice.

The petitioner argues in Ground Six that counsel was ineffective for failing to present evidence to contradict fireman Vincent Nolan's testimony that he found a gasoline can at the side of the house. The petitioner believes that defense counsel should have presented the incident report which allegedly contained no record of a gas can being found at the house. The incident report would have done little to contradict Vincent Nolan's testimony. More importantly, the presence of the gasoline container had no relevance to the case. The existence of the gas can arose in cross-examination during the following exchange between defense counsel and Nolan:

> Q. [By Mr. Sanders] From being there at the house and fighting the fire, I understand Mr. Murphey asked you later did you go back to fighting the fire after you assisted Mr. Featherston, did you find any cans or any containers of this fluid or these ingredients that you felt that could have started this fire?
>
> A. No, sir. All we found was a gasoline can on the side of the house.
>
> Q. Okay. All right. And what happened to that can?
>
> A. It was – We pointed it out to the safety officer, and he just took note of it. And we kept going on around the house.
>
> Q. So you don't have any idea of what happened to that?
>
> A. No, sir.

S.C.R., Vol. 2, p. 115. The prosecution did not consider the gas can to be important evidence in the instant case. Of the many accelerants that could cause a fire to burn with the characteristics noted in the one in question, gasoline was not among them. Vincent Nolan testified that the color of the flame from the fire was consistent with having been fueled by something like "diesel, kerosene, butane, folic acid . . . ." S.C.R., Vol. 2, p. 103. Nolan never mentioned gasoline and did not believe the gas can he saw at the scene contained any kind of substance that might have been used in the fire. *Id.* at 115. No one suggested that the fire was a "gasoline" fire or that this

gas can was used by the person who set the fire. The house fire was not originally considered to be the result of arson. A full-scale criminal investigation did not begin until approximately one month after the fire when Featherston was finally physically capable of communicating with police. S.C.R., Vol. 1, pp. 41, 70. The petitioner has thus not demonstrated deficiency in counsel's performance or prejudice resulting from it.

As such the finding by the Mississippi Supreme Court that defense counsel provided effective assistance of counsel was neither contrary to, nor an unreasonable application of, clearly established federal law. Therefore, the petitioner's claims in Ground Four and Ground Six shall be denied.

In sum, all of the petitioner's claims shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 16th day of October, 2007.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE